## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| Mary Louise Williams King, Individually, As Representative of the Estate of Mambrye Vallejo-King, And as Next Friend of A.R.V, A.V, and F.L.V, And Michael Raymond King, Individually, *Plaintiffs*, | § § § § § § § § § § § § § § § | No. _____ |
| v. | | |
| CIRCLE B HAY, LLC and BRANT JOHNSON, *Defendants*. | | |

### PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Mary Louise Williams King, Individually, As Representative of the Estate of Mambrye Vallejo-King, And as Next Friend of minors A.R.V, A.V., and F.L.V., and Michael Raymond King, Individually, Plaintiffs, all wrongful death beneficiaries of Mambrye Vallejo-King, in the above entitled cause, complaining of Circle B Hay, LLC and Brant Johnson, Defendants, and would respectfully show the Court as follows:

### I. PARTIES

1.  Plaintiff, Mary Louise Williams, is an individual that is a citizen of Texas and files this Complaint, Individually, as Representative of the Estate of Mambrye Vallejo-King, and as Next Friend of minors A.R.V, A.V., and F.L.V.

2.  Plaintiff, Michael Raymond King, is an individual that is a citizen of Texas.

3. Upon information and belief, at all times material hereto, Defendant Circle B Hay, LLC (Defendant Circle B), is a Kansas Limited Liability Company. Defendant Circle B may be served with process by serving its registered agent for service, Michael Boehs, at 1750 Road 55, Lakin, Kansas 67860.

4. Upon information and belief, at all times material hereto, Defendant Brant Johnson (Defendant Johnson), an individual and a citizen of the state of Kansas and may be served with process at his last known residence located at 400 S Main St, Lakin, Kansas 67860 or wherever he may be found.

## II. JURISDICTION AND VENUE

5. The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

6. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332 because the suit is between citizens of a U.S. state, and a citizen of a foreign state, and the amount in controversy exceeds $75,000, excluding interest and costs.

7. Venue is proper in the United States District Court, Northern District of Texas pursuant to 28 U.S.C. § 1391(b)(2) because this is the District in which a substantial part of the events or omissions giving rise to the claim occurred.

## IV. FACTS

8. The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

9. On or about January 12, 2018, upon information and belief, Defendant Johnson was working as an employee of Defendant Circle B and was driving a tractor-trailer owned by Defendant Circle B.

10.     Defendant Johnson was travelling west on the outside right lane of US Highway 60 when he attempted to make a left turn from the outside lane, causing a crash with Mambrye Vallejo-King's Dodge Caravan which was also travelling west on Highway 60.  This crash occurred near Hereford in Deaf Smith County, Texas.

11.     Mambrye Vallejo-King died as a result of the crash.

12.     Defendant Johnson's and Defendant Circle B's negligence proximately caused the collision, Mambrye Vallejo-King's death, and the resulting damages sustained by Plaintiffs.

## V. COUNT I - NEGLIGENCE

13.     The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

14.     Defendant Johnson is guilty of negligence in several respects including but not limited to the following:

        a.     In making an improper left turn;
        b.     In failing to keep a proper lookout;
        c.     In failing to watch the road;
        d.     In failing to take proper evasive action to avoid a collision;
        e.     In failing to yield the right of way; and
        f.     In operating a commercial motor vehicle in a careless manner.

15.     Each of the foregoing acts or omissions of Defendant Johnson, singularly or in combination with others, constituted negligence which was a proximate cause of the above-referenced occurrence, Mambrye Vallejo-King's death, and Plaintiffs' damages.

## VI. COUNT II – NEGLIGENCE *PER SE*

16.     The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

17.  At all times pertinent hereto there were in force and effect, state and federal statutes that were enacted for the safety of the public at large, including Mambrye Vallejo-King.

18.  The Federal Motor Carrier Safety Act adopted regulations, hereinafter referred to as "FMCSR," that apply to all trucks engaged in interstate commerce including Defendant Circle B's tractor-trailer.

19.  In addition, Texas State and Traffic Laws apply to such trucks operating within the State of Texas.

20.  There were in force and effect FMCSR regulations that may have been violated by Defendant Circle B including but not limited to the following:

   a.  FMCSR §§ 383.35 and 391.23 regarding background investigation of drivers;

   b.  FMCSR § 391.11 regarding driver qualifications;

   c.  FMCSR § 391.13 regarding driver training;

   d.  FMCSR § 391.25 regarding annual review of driver safety;

   e.  FMCSR § 391.27 regarding annual reports of driving violations;

   f.  FMCSR § 391.31 regarding driver road testing;

   g.  FMCSR § 391.51 regarding qualification and records files;

   h.  FMCSR § 395.3 regarding hours of operation; and

   i.  FMCSR § 395.8 regarding driver duty status logs.

21.  At the time of the aforesaid collision there were in force and effect FMCSR regulations that may have been violated by Defendant Johnson including but not limited to the following:

   a.  FMCSR § 392.2 regarding following state law;

   b.  FMCSR § 392.3 regarding an ill or fatigued operator;

   c.  FMCSR § 392.6 regarding schedules to conform to speed limits;

      d.    FMCSR § 395.3 regarding maximum driving time;

      e.    FMCSR § 383.110 regarding general knowledge;

      f.    FMCSR § 383.111 regarding required knowledge; and

      g.    FMCSR § 383.113 regarding required skills.

22. At the time of the aforesaid improper driving there were in force and effect Texas State Statutes that were violated by Defendant Johnson including but not limited to the following:

      a.    failing to turn left from the left-hand lane - Tex. Transp. Code § 545.101(b)(1).

23. Defendant Johnson and Defendant Circle B's breach of the duties imposed by the statutes is negligence *per se* which was a proximate cause of the above-referenced occurrence, the death of Mambrye Vallejo-King, and Plaintiffs' damages.

## VII. COUNT III – *RESPONDEAT SUPERIOR*

24. The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

25. Defendant Circle B is vicariously liable for the damages proximately caused to Plaintiffs by virtue of the negligent conduct of its employees, including Defendant Johnson. At all times relevant to the allegations in this Complaint, Defendant Johnson was acting within the course and scope of his employment and was negligent. This negligence was a proximate cause of the death of Mambrye Vallejo-King and Plaintiffs' damages. Therefore, Defendant Circle B is vicariously liable to Plaintiffs for the negligent acts and/or omissions of its employees, including Defendant Johnson, on the basis of *Respondeat Superior*.

## VIII. COUNT IV—Negligent Entrustment, Hiring, Supervision, Training and Retention

26. The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

27.     Upon information and belief, the tractor-trailer driven by Defendant Johnson was owned by Defendant Circle B and was negligently entrusted to Defendant Johnson.

28.     Defendant Circle B is responsible for the hiring, supervision and training of its employees to assure the proper execution of the duties of an over-the-road truck driver.

29.     Defendant Circle B had a duty of care to hire, supervise and train its employees to drive tractor-trailers in a reasonable and safe manner.

30.     Defendant Circle B breached its duty to exercise reasonable care and acted negligently and careless in hiring, supervising, and training Defendant Johnson for the duties which Defendant Circle B could foresee and expect Defendant Johnson to perform in the course of his employment.

31.     As a direct and proximate result of Defendant Circle B's negligence, as set forth above, Plaintiffs' suffered damages in an amount to be proved at trial.

## IX. GROSS NEGLIGENCE

32.     The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

33.     The above-mentioned acts of negligence on the part of Defendant Johnson and Defendant Circle B were of such character as to make Defendants guilty of gross negligence. Defendants' acts of negligence when viewed objectively from the standpoint of Defendants involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants had actual, subjective awareness of this risk, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of Plaintiffs. The gross negligence of Defendants was a proximate cause of the collision, the death of Mambrye Vallejo-King, and the damages suffered by Plaintiffs. As a result of Defendants' gross negligence, Plaintiffs seek and are entitled to an award of exemplary damages.

## X. DAMAGES

34. The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

35. As a direct and proximate result of Defendants' negligence, Plaintiffs Mary Louise Williams King and Michael Raymond King, Decedent's parents, and A.R.V., A.V., and F.L.V, Decedent's children, have suffered damages for the wrongful death of Mambrye Vallejo-King as follows:

    a. Pecuniary loss sustained in the past and which will reasonably be sustained in the future;

    b. Loss of companionship and society sustained in the past and which will reasonably be sustained in the future;

    c. Mental anguish sustained in the past and which will reasonably be sustained in the future;

    d. Loss of inheritance;

    e. Loss of consortium; and

    f. Loss of care, support and earnings.

36. Plaintiff, Mary Louise Williams King as the representative of the Estate of Mambrye Vallejo-King, brings this action pursuant to Section 71.021 of the Texas Civil Practice and Remedies Code, commonly referred to as the "Survival Statute." Plaintiff would show that Mambrye Vallejo-King was not killed instantly in the incident in question, but suffered conscious physical pain and mental suffering prior to her death. The following damages survived to her estate, for which Plaintiff sues:

    a. Physical pain and mental anguish, and

    b. Funeral and burial expenses.

## XI. JURY DEMAND

37.     The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

38.     Plaintiffs demand, in accordance with the Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## XII. PRAYER

39.     The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

40.     WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request Defendant Johnson and Defendant Circle B be cited to appear and answer and that upon final trial by jury, Plaintiffs recover against Defendants the following:

   a. past and future damages as set forth above;

   b. exemplary damages;

   c. costs of court;

   d. pre-judgment and post-judgment interest at the highest rate allowed by law; and

   e. for such other relief to which Plaintiffs may be justly entitled.

Respectfully Submitted,

GLASHEEN, VALLES & INDERMAN, LLP
P.O. Box 1976 (79408-1976)
1302 Texas Avenue
Lubbock, Texas 79401
(806) 741-0284 – Telephone
(806) 329-0594 – Facsimile
efile.inderman@gvilaw.com

_____
Chad Inderman
State Bar No. 24046133

**ATTORNEY FOR PLAINTIFFS**

## PLAINTIFFS' DEMAND FOR JURY TRIAL

    Plaintiffs assert their rights under the Seventh Amendment of the U.S. Constitution and demand, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

Respectfully Submitted,

_____
Chad Inderman